IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01216-OES

GUILLERMO RUCOBO-RIOS,

    Applicant,

v.

JOE ORTIZ, Executive Dir. Colorado Dept. Corr., and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL -8 2005

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant Guillermo Rucobo-Rios is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Rucobo-Rios has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Rucobo-Rios is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rucobo-Rios will be ordered to file an amended application.

Mr. Rucobo-Rios is challenging the validity of a conviction in the Denver District Court for which he is serving a life sentence. He asserts three claims for relief in the application, although it is not clear why he raises three claims because he alleges in each claim only that he was denied a speedy trial. Mr. Rucobo-Rios also fails to allege specific facts in support of his claim that he was denied a speedy trial. Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Rucobo-Rios go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Rucobo-Rios will be ordered to file an amended application.

In addition to clarifying the claims he is asserting, Mr. Rucobo-Rios also must complete all of the questions asked in the court's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The court needs the information requested in the form to determine whether the instant application is timely filed pursuant to 28 U.S.C. § 2244(d) and whether Mr. Rucobo-Rios has exhausted state remedies as required pursuant to 28 U.S.C. § 2254(b)(1). The court will deny the amended application and dismiss the instant action if Mr. Rucobo-Rios fails to provide the necessary information. Accordingly, it is

ORDERED that Mr. Rucobo-Rios file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Rucobo-Rios, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Rucobo-Rios fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this ___8___ day of ___July___, 2005.

BY THE COURT

_____
O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01216-OES

Guillermo Rucobo-Rios
Prisoner No. 102743
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 7/8/05

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk